I concur with the supreme court, and rest my opinion solely upon the third ground stated in their opinion, namely, that there is nothing to show that these streets were public highways at the time the defendants were incorporated.
All there is upon that subject is that the owner of the land sold it in lots, bounding them on those streets. This did not make those streets public highways. It gave, to be sure, certain rights to the purchasers of those lots in respect to the strips of land thus called streets, but that was all. They were not highways, and it required something more than the mere dedication by the owner to a public use, to clothe them with the privileges and duties belonging to a public highway. That something more was not done until the act of 1828, incorporating the village of Oswego, was passed; when for the first time, the land thus dedicated by its owner, became public highways.
But it was before this that the defendants were incorporated and had built their canal, so that instead of their encroaching upon a public highway, whereby an obligation to restore it to and keep it in a passable condition might be inferred, the highway was laid out over their land and no such obligation could in any respect rest upon them.
Judgment affirmed. *Page 268